**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VARDAN ADAMYAN,

        Petitioner,

  v.

ERIC H. HOLDER Jr., Attorney General,

        Respondent.

No. 06-75169

Agency No. A075-701-063

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

    Vardan Adamyan, a native and citizen of Armenia, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KN/Research

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007), and we review de novo constitutional claims, *Rivera v. Mukasey*, 508 F.3d 1271, 1274-75 (9th Cir. 2007). We deny the petition for review.

Substantial evidence supports the agency's finding that there were material inconsistencies and omissions between Adamyan's testimony and asylum application regarding when, why, and where the police arrested him. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) ("An adverse credibility ruling will be upheld so long as identified inconsistencies go to the heart of [the] asylum claim.") (citation and internal quotation omitted); *Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003). In the absence of credible testimony, Adamyan failed to establish he is eligible for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT relief because Adamyan failed to establish that it is more likely than not he will be tortured in Armenia. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Finally, we deny Adamyan's due process contention because he failed to demonstrate prejudice in the IJ's handling of the hearing. *See Ortiz v. INS*, 179

F.3d 1148, 1153, (9th Cir. 1999) (due process challenges require a showing of prejudice to succeed).

**PETITION FOR REVIEW DENIED.**